IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1995 SESSION

FILED

October 12, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,   *   C.C.A. # 01C01-9502-CR-00031

    APPELLEE,   *   DAVIDSON COUNTY

VS.   *   Hon. J. Randall Wyatt, Jr., Judge

ROSCOE C. SMITH,   *   (Theft)

    APPELLANT.   *


For the Appellant:              For the Appellee:

Joan A. Lawson                  Charles W. Burson
Senior Asst. Public Defender    Attorney General and Reporter
(at trial)                      450 James Robertson Parkway
                                Nashville, TN  37243-0493
and
                                Cyril V. Fraser
Jeffrey A. Devasher             Counsel for the State
1202 Stahlman  Building         450 James Robertson Parkway
Nashville, TN  37201            Nashville, TN  37243-0493
(on appeal)
                                Nicholas Bailey
                                Asst. District Attorney General
                                Washington Square, Suite 500
                                222 Second Avenue South
                                Nashville, TN  37201-1649




OPINION FILED:_____



AFFIRMED

Gary R. Wade, Judge

## OPINION

The defendant, Roscoe C. Smith, was convicted for theft of property of more than $500.00 but less than $1,000.00 and theft of property of less than $500.00. The trial court sentenced the defendant as a career offender to six years on Count I. The sentence on Count II of 11 months and 29 days at 50% was ordered to be served consecutively to the sentence imposed for Count I.

In this appeal of right, the defendant contends that the trial court erred by imposing the maximum possible sentence for the theft of $500.00 or less and by ordering that the two sentences be served consecutively.

We disagree and affirm the judgment of the trial court.

The defendant was convicted after a trial by jury. The state established that during the early morning hours of December 29, 1993, the defendant stole two purses from women who were asleep on the waiting room floor of the Baptist Hospital in Nashville. Roy Petty, who was present during the theft, was awakened by a noise and saw the defendant take the two purses and run for the door. The purse of one of the victims, Deidre Sage, of Dickson, contained cash, jewelry, and other items valued at over $600.00. The purse of the second victim, Angelique Wilson, of Nashville, contained only a "small amount of money" and some personal items. Petty chased the defendant, struck him, and held him in custody until

3

security personnel arrived at the scene. Each of the victims recovered their purses and all of the contents. The defendant offered no proof in defense.

I

The defendant first complains that the 11 month, 29 day sentence for the theft of less than $500.00 is excessive. In response, the state asserts that the sentence was not excessive because the judgment form failed to include any reference to a minimum percentage of service of sentence and the statute requires that the "percentage [for release eligibility] be considered zero percent." Tenn. Code Ann. § 40-35-302(d).

Initially, when there is a conflict between the transcript and the judgment or the minutes, the content of the transcript prevails. State v. Zyla, 628 S.W.2d 39 (Tenn. Crim. App. 1981). Here, the transcript clearly reflects a sentence of 11 months and 29 days on Count II with a 50% percentage of service required before the defendant becomes eligible for relief. We must, therefore, disagree with the position of the state.

We now turn to the question of whether the six-month sentence is excessive. In our view, it is not.

When a challenge is made to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a "de novo review ... with a presumption that the

determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210.

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn. 1978), cert. denied, 439 U.S. 1077 (1979).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). Misdemeanor sentences must be specific and in accordance with the principles, purposes, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§

40-35-104, -117, and -302. The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve the full 100% of his sentence. State v. Palmer, 902 S.W.2d at 391, 393-94 (Tenn. 1995). In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Id.

Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a period of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The governing statute is designed to provide the trial court with continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994).

Here, the defendant's chief complaint is that the

6

trial court failed to weigh the mitigating and enhancing factors before the misdemeanor sentence. The defendant correctly points out that the presumptive correctness of the sentence depends upon the trial court's consideration of the principles of sentencing and all other relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Here, however, it really makes no difference whether the trial judge considered all factors. The defendant had a lengthy prior criminal history and had failed, on prior occasions, to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(1) and (8). While the prosecution at the sentencing hearing argued for the application of another enhancement factor, that the offense involved more than one victim, the record does not indicate that the trial court considered that in the imposition of the misdemeanor sentence. See Tenn. Code Ann. § 40-35-114(3). If he had, that, of course, would have been erroneous since there was only one victim in each of the two thefts. See State v. Lambert, 741 S.W.2d 127, 134 (Tenn. Crim. App. 1987). Because the misdemeanant is not entitled to any presumption of a minimum sentence and there were readily identifiable enhancement factors, we fully approve of the 11 month, 29 day sentence with a 50% release eligibility. That would be true whether our scope is de novo or de novo with the presumption of correctness.

II

Next, the defendant complains that the trial court should not have ordered the sentences to be served

7

consecutively.  The state argues otherwise.  We agree with the
assessment of the trial court.

Prior to the enactment of the Criminal Sentencing
Reform Act of 1989, the limited classifications for the
imposition of consecutive sentences were set out in Gray v.
State, 538 S.W.2d 391, 393 (Tenn. 1976).  In that case, our
supreme court ruled that aggravating circumstances must be
present before placement in any one of the classifications.
Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the
court established an additional category for those defendants
convicted of two or more statutory offenses involving sexual
abuse of minors.  There were, however, additional words of
caution:

> [C]onsecutive sentences should not be
> routinely imposed ... and ... the
> aggregate maximum of consecutive terms
> must be reasonably related to the severity
> of the offenses involved.

739 S.W.2d at 230.  The Sentencing Commission Comments adopted
the cautioning language.  Tenn. Code Ann. § 40-35-115.  The
1989 act is, in essence, the codification of the holdings in
Gray and Taylor; consecutive sentences may be imposed in the
discretion of the trial court only upon a determination that
one or more of the following criteria[1] exist:

> (1)  The defendant is a professional
> criminal who has knowingly devoted himself
> to criminal acts as a major source of
> livelihood;
>
> (2)  The defendant is an offender whose

---

[1]The first four criteria are found in Gray.  A fifth category in
Gray, based on a specific number of prior felony convictions, may enhance
the sentence range but is no longer a listed criterion.  See Sentencing
Commission Comments.

8

record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).


The trial court based its decision to impose consecutive sentences for two reasons: first, that the defendant was "a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood"; and, second, the defendant qualified as "an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(1) & (2).


The defendant argues that he does not qualify as a professional criminal because the record does not establish that he has "acquired significant wealth" through his unlawful

activities. We reject that argument outright. While the amount of income derived from illegal acts may be significant, it is not determinative. Only a "major source of livelihood or ... a substantial income or resources not shown to be derived from ... other than criminal activity" is required. Gray, 538 S.W.2d at 393. Here, the defendant has involved himself in a range of criminal activities over a period of twenty-seven years. Most involved theft, burglary, larceny, shoplifting, or robbery. He has also sold illegal drugs. The presentence report provides that he has been employed for only about five years since he became an adult. He has apparently had no employment since 1987. From these circumstances, we believe that the trial court had good reason to infer that the defendant qualified as a professional criminal.

In any event, the defendant also qualifies as having an extensive prior criminal record. Tenn. Code Ann. § 40-35-115(b)(2). While each of the two sentences of the defendant may have been enhanced by his prior criminal history, his record is so lengthy as to warrant consecutive sentences. He would have qualified as either a "persistent" or a "multiple" offender under the Gray rationale.

Consecutive sentences should not be routinely imposed, even for the offender whose record of criminal activity is extensive. The ultimate purpose, however, is to protect the public. Gray, 538 S.W.2d at 393; State v. Wilkerson, _____ S.W.2d _____ (Tenn. 1995). Here, the record has established that the public needs to be protected for (at least) the length of the misdemeanor sentence from the continuing criminal activities of the defendant.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David H. Welles, Judge

11