**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**MAY SESSION, 1999**

**FILED**

**July 28, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **No. 01C01-9804-CC-00187** |
| **Appellee** | ) | **CONSOLIDATED WITH** |
| | | **01C01-9702-CC-00047** |
| | ) | **RUTHERFORD COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. J. S. Daniel, Judge** |
| **ANTONIO E. JENKINS,** | ) | |
| | ) | **(Sale of Cocaine over .5 grams, 4 cts.)** |
| **Appellant** | ) | |

For the Appellant:

**Joe M. Brandon, Jr.**
Attorney for Appellant
304 S. Lowry Street
Smyrna, TN  37167

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Daryl J. Brand**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William C. Whitsell, Jr.**
District Attorney General
Third Floor, Judicial Building
Murfreesboro, TN  37130

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Antonio E. Jenkins, appeals the sentencing decision of the Rutherford County Circuit Court following his guilty pleas to four counts of sale of cocaine over .5 grams, a Class B felony. The terms of the plea agreement provided that the appellant would receive an eight year sentence for each count and the court would determine whether concurrent or consecutive sentencing was appropriate, as well as the manner of service of the sentence. In September of 1996, at the first sentencing hearing, the trial court ordered that two of the eight year sentences run consecutively for an effective sixteen year sentence. The court also found the appellant statutorily ineligible for probation. The appellant appealed both the denial of probation and imposition of consecutive sentences. In State v. Antonio E. Jenkins, No. 01C01-9702-CC-00047 (Tenn. Crim. App. at Jackson, Dec. 31, 1997), this court, upon motion by the State conceding eligibility for probation, remanded this case to the trial court to determine whether the appellant was entitled to probation. The issue of consecutive sentences was reserved pending entry of a final order in the trial court.

A new sentencing hearing was held on February 2, 1998. Again, the trial court denied probation. This sentencing decision was again appealed. By order of this court on October 28, 1998, the initial appeal was consolidated with the instant appeal. On consolidated appeal after remand, the appellant again challenges both the trial court's imposition of consecutive sentences and the denial of probation.

After review, the judgment of the trial court is affirmed.

BACKGROUND

2

Following the appellant's guilty pleas on August 14, 1996, a sentencing hearing was conducted on September 23, 1996. The appellant's pleas arise from four separate sales of cocaine on April 9, 12, 16, and 19, in which he sold cocaine to a confidential informant. In each respective sale, the amount of cocaine involved was .9 grams for $140, .9 grams for $150, .8 grams and .7 grams for $120, and 1 gram for $100.

At the first sentencing hearing, the appellant testified that he was thirty-two years old. Although the appellant is unmarried, he has three children and at that time was expecting his fourth. The appellant received a dishonorable discharge from the Navy. He had been employed three weeks prior to sentencing at Better-Bilt as a "material handler." Prior to this brief employment, the appellant related that he was employed by Todd Loggins on a part-time basis in the aluminum siding business. The appellant advised that he was paid "under the table" by Loggins. This employment could not be verified and the presentence officer was unable to locate a mailing address for this business.

On cross-examination, the appellant provided that "I just chose . . . to make my living from which [sic] was wrong [sale of cocaine]." After losing his job with Vintec in February of 1995, he testified that he began selling cocaine in April of 1995 and continued to do so "up to the point I got caught," in July 1996. The presentence report reflects that the appellant has three misdemeanor convictions for assault, one for reckless endangerment, and one for simple possession of cocaine. Additionally, his record contains seventeen traffic related offenses, including three convictions for driving on a revoked license. The appellant has been placed on probation on at least two prior occasions and has been noncompliant with the conditions placed upon him.

At the conclusion of the hearing, the trial court observed:

> [The appellant] has a prior criminal record. He's been on probation both supervised and unsupervised before. He has a prior conviction in '94 for cocaine. That was reduced to a simple possession conviction.
> He is a person who devoted his life to the sale of drugs and derived his major source of livelihood from that activity. For over a year he had no lawful employment, can demonstrate no lawful employment during that period of time.
> Under [Tenn. Code Ann. §] 40-35-115(B1) [sic] he qualifies . . . for consecutive sentences. I'm going to run two of these sentences consecutive. The balance run [sic] concurrent. The application is denied because of his record, and the length of sentence making him ineligible for probation.

On February 2, 1998, upon remand from this court to consider the appellant's eligibility for probation, the trial court's order states that "considering his record and past performance," probation was again denied.

# I. SENTENCING

This court's review of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1990). See also State v. Bingham, 910 S.W.2d 448 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995). This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The record reflects that the trial court considered the relevant principles of sentencing; accordingly, the presumption is afforded.

Upon *de novo* review, this court must consider the evidence heard at trial and at sentencing, the presentence report, the arguments of counsel, the nature and characteristics of the offense, any mitigating and enhancement factors, the defendant's statements, and the defendant's potential for rehabilitation. Tenn. Code Ann. § 40-35-102 (1996 Supp.); Tenn. Code Ann. § 40-35 -103(5)(1990); Tenn. Code Ann. § 40-35 -210(b) (1996 Supp.); see also State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993).

## A. CONSECUTIVE SENTENCES

The appellant first contends the trial court erred in finding him to be a professional criminal. See Tenn. Code Ann. § 40-35-115(b)(1) (1990). The consecutive sentencing classification provisions of Tenn. Code Ann. § 40-35-115 are, in essence, a codification of the holdings in Gray v. State, 538 S.W.2d 391 (Tenn. 1976) and State v. Taylor, 739 S.W.2d 227 (Tenn. 1987). See Sentencing Commission Comments, Tenn. Code Ann. § 40-35-115. The first four criteria, which include section 115(b)(1), professional criminal, were taken directly from Gray. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-115. Gray defines the professional criminal as "one who has knowingly devoted himself to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a source other than criminal activity." Gray, 538 S.W.2d at 393.

The appellant argues that his testimony that he worked "odd jobs and construction work" refutes that he was not a professional criminal as intended by the statute. He also argues that his candid nature with the court is "probative for rehabilitation." Thus, he contends that his sentences should run concurrently. The State argues that consecutive sentences were appropriate based upon the appellant's admissions of selling drugs for one year without other verifiable employment during this period.

The record reflects the appellant's admissions of "mak[ing] my living" and "life of drug dealing." His own testimony reveals that this lifestyle continued for one year only receiving money "under the table" after losing his employment with Vintec in February of 1995. Accordingly, the evidence does not preponderate against the trial court's finding that the appellant was a professional criminal unable to establish any other verifiable source of income other than through his criminal activity.

Additionally, we must determine, in accordance with the Sentencing Commission Comments to Tenn. Code Ann. § 40-35-115, whether the consecutive sentences are necessary to protect the public from the possibility of the appellant's future criminal conduct and whether the aggregate sentence is reasonably related to the severity of the present offenses. See also State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995); Taylor, 739 S.W.2d 227; Gray, 538 S.W.2d 391.

From our *de novo* review of the record, we conclude the trial court did not err in imposing consecutive sentences. Based upon the appellant's admissions, his extensive criminal history, and his prior unsuccessful attempts at rehabilitation, the record supports that confinement is necessary to protect the public from the appellant's future criminal conduct. Furthermore, considering the four counts involved in the instant case, consecutive sentences are reasonably related to the severity of the crimes.

## B. PROBATION

The appellant challenges the trial court's denial of an alternative sentence, specifically probation. Although he has previously been placed on supervised probation, the appellant argues that he has not been placed on intensive probation or split confinement. Initially, we note the appellant is not entitled to the presumption for an alternative sentencing option because he was convicted of four Class B felonies. See Tenn. Code Ann. § 40-35-102(6). Moreover, because the appellant "has a long history of criminal conduct" and "measures less restrictive than confinement" have proven unsuccessful, confinement is necessary. Tenn. Code Ann. § 40-35-103(1)(A) and (C). The appellant has failed to carry his burden of establishing his entitlement to a sentence other than one of total confinement. See Bingham, 910 S.W.2d at 455. We find no error of law mandating reversal of the trial court's judgment.

The judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
JERRY L. SMITH, Judge


_____
NORMA MCGEE OGLE, Judge