STATE of Tennessee, Appellee,

v.

William H. TAYLOR, Appellant.

Supreme Court of Tennessee,
at Nashville.

Sept. 28, 1987.

Rehearing Denied Nov. 9, 1987.

J. Russell Heldman, Hollins, Wagster & Yarbrough, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles Bush, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

FONES, Justice.

Defendant, William H. Taylor, was convicted on two counts of aggravated rape. The trial judge sentenced defendant to serve twenty-four years on each count. The sentences were ordered to run consecutively. The Court of Criminal Appeals affirmed, and this Court granted permission to appeal, to consider whether consecutive sentencing was proper.

On 14 September 1984, the Davidson County Grand Jury returned an indictment charging defendant with two counts of aggravated rape of defendant's daughter. The victim was seven years old at the time of the alleged incidents. At trial, the victim testified that in August of 1984, defendant forced her to engage in fellatio and sexual intercourse with him. According to the victim's testimony, these acts were repeated on another occasion in September of 1984. The victim stated that defendant told her that if she ever told anyone about the incidents, he would spank her. Despite this threat, the victim informed her mother who took the girl to Metropolitan Nashville General Hospital for an examination. Three residents, two specializing in pediatrics and one specializing in obstetrics and gynecology, examined the victim at the hospital. Each testified that the victim exhibited numerous symptoms indicative of a sexually abused child. There was evidence at trial that the victim had been sexually abused by defendant for more than two

years. Based upon this evidence the jury found defendant guilty on both counts of aggravated rape.

The presentence report revealed that defendant had been charged with fourteen misdemeanor offenses between 1967 and 1984. In July 1984 he was sentenced to 11 months and 29 days for malicious mischief and 11 months and 29 days for assault, but was apparently granted probation with some unspecified restitution conditions.

The report also revealed that the sexual abuse had probably started when the victim was four years old and continued "until disclosure" when she was seven years old. It involved multiple types of sexual activity and inflicted physical and emotional damage upon the victim.

The trial judge found defendant to be a standard offender, range one, invoking a statutory range of punishment from 20 to 40 years. He fixed defendant's punishment at twenty-four years on each count, to be served consecutively with eligibility for parole upon service of thirty percent of the sentence. The consecutive sentences were ordered because of the aggravated nature of the offenses and the evidence that the abuse had continued "over a period of several years". The trial judge made no express reference to the criteria promulgated in *Gray v. State*, 538 S.W.2d 391 (Tenn.1976). The Court of Criminal Appeals concluded that defendant was a "multiple offender" under *Gray* and affirmed the trial court.

It is clear that neither of the courts below based consecutive sentencing upon defendant's record of misdemeanors and that the decisive factors were the repetition of sexual abuse over a period of more than two years before disclosure, the reprehensible nature of the numerous types of sex acts committed upon a child of tender years and the resulting physical and mental damage to the victim.

Thus, we granted further review of this case to determine whether it was appropriate to impose consecutive sentences upon this defendant.

Persons convicted in Tennessee of two or more offenses may be sentenced to either consecutive or concurrent prison terms. T.C.A. § 40–20–111. The decision of whether the prison terms are to be consecutive or concurrent is left to the discretion of the trial court. The trial judge's decision is subject to review by the appellate courts, de novo, without a presumption of correctness. T.C.A. § 40–35–402(d).

The relevant portions of *Gray* are as follows:

Essentially, a consecutive sentence should be imposed only after a finding by the trial judge that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant.

Types of offenders for which consecutive sentencing should be reserved may be classified as follows: ... (3) the multiple offender, one whose record of criminal activity is extensive....

\* \* \* \* \* \*

The prior record of the multiple offender may have been good, but the crimes for which he had been convicted indicate criminal activity so extensive and continuing for such a period of time as to warrant consecutive sentencing. *See* Sentencing Alternatives and Procedures, § 3.4, Comment C; Model Penal Code, § 7.03. The object is to use consecutive sentencing, where appropriate, to protect society from those who are unwilling to lead a productive life and resort to criminal activity in furtherance of their anti-societal lifestyle.

358 S.W.2d at 393.

The Court of Criminal Appeals held that although defendant was convicted of only two acts of sexual abuse, the record revealed that defendant's "criminal activity directed against this child has been so extensive and has continued for such a long period of time that he is a 'multiple offender'."

In this Court the State insists that the Court of Criminal Appeals was correct in classifying defendant as a multiple offender under *Gray*.

Defendant contends that none of the classifications in *Gray* are applicable to this case. He insists that factually this case is closely akin to *State v. Grady*, 619 S.W.2d 141 (Tenn.Crim.App.1980),[1] wherein the intermediate court rejected the State's insistence that the trial judge's imposition of consecutive sentences was justified under the dangerous offender classification as defined in *Gray*.

An examination of recent sexual abuse cases reveals the difficulty encountered by the courts in applying the *Gray* classifications to justify consecutive sentences.

In *Bethany v. State*, 565 S.W.2d 900 (Tenn.Crim.App.1978), the defendant was convicted of six counts of committing a crime against nature (fellatio). The defendant was a scout master who took seven young boys on a camp-out. While on the outing, the defendant engaged in fellatio with six of the boys. Two of the victims were older than twelve, while the remaining victims were twelve or younger. Upon the guilty verdict, the trial court sentenced the defendant, and ordered the sentences to be served consecutively. The trial judge ordered consecutive sentences though he admitted he was unable to fit the defendant into one of the five *Gray* categories. Instead, the trial judge concluded that the defendant was "closely identified" with the dangerous offender and the dangerous mentally abnormal person. The Court of Criminal Appeals affirmed the order imposing consecutive prison terms. In its opinion, the court stated, "[w]e do not think *Gray* was intended to precisely define every possible factual situation which would authorize consecutive sentences." The court then noted that the guidelines of *Gray* were sufficiently broad to encompass the defendant.

In *Morgan v. State*, 582 S.W.2d 94 (Tenn. Crim.App.1979) defendant kidnapped a thirteen year old girl who was delivering newspapers early one morning in Kingsport. He forcibly raped her and committed a crime against nature before releasing her. The Court of Criminal Appeals found that it was implicit in the trial judge's reasons

for imposing a consecutive sentence that defendant was a dangerous offender under *Gray*. The intermediate court said that in *Bethany*, "this court recognized that the protection of young children may be taken into account when considering consecutive sentences." *Id.* at 98.

In *Vermilye v. State*, 584 S.W.2d 226 (Tenn.Crim.App.1979) an ordained Episcopal priest was convicted of three charges of crime against nature and five charges of aiding and abetting crime against nature. The trial judge ordered sentences of five to ten years and ten to fifteen years consecutively in such manner as to produce an effective sentence of twenty-five to forty years. Defendant ran a home for wayward boys where he encouraged, participated in and photographed various homosexual activities. The photographs were sold to "sponsors" of the school. Defendant had operated the home for four or five years prior to his arrest.

In approving the trial judge's imposition of consecutive sentencing, the Court of Criminal Appeals said:

> the record amply demonstrates, as the trial judge noted, a four or five year course of dealing by the defendant that makes him a persistent and repeated offender, who derived most (if not all) of his livelihood from the sexual exploitation of these children. The pervasiveness of the illegal behavior in this case is much broader than that in *Bethany v. State*, 565 S.W.2d 900 (Tenn.Cr.App. 1978), and under the authority of the opinion in that case, we have no hesitation in upholding the method of sentencing employed here.

584 S.W.2d at 231.

In retrospect it is apparent that while consecutive sentences were justified in *Bethany, Morgan* and *Vermilye*, they do not fall squarely within the classifications defined in *Gray*. Nor are we prepared to say that the instant case is appropriately within its classifications. Yet, the evidence of aggravating circumstances properly before the trial court for sentencing purposes in

---

1. No application for permission to appeal to the     Supreme Court was filed in this case.

each of those cases fully justified the imposition of consecutive sentences.

■ We are persuaded that it is necessary and appropriate to supplement the *Gray* classifications with one applicable to defendants convicted of two or more statutory offenses that involve sexual abuse of minors.

■ Trial courts should weigh the aggravating circumstances arising from the relationship between defendant and the victim or victims, the age of the victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual physical and mental damage to the victim or victims and determine the appropriate use of consecutive sentencing accordingly, bearing in mind the general objectives set forth in *Gray*. Obviously, no rigid formula for application to such cases would be appropriate, but we caution that consecutive sentences should not routinely be imposed in sexual abuse cases, or in other cases, and that the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved. *See* ABA Standards for Criminal Justice, Second Edition § 18–4.5.

■ In this case defendant committed sex acts upon his own daughter, consisting of oral sex, anal and vaginal intercourse and other acts, starting at age four and continuing until disclosure when the victim was age seven. There was undisputed medical testimony that the condition of the victim's vagina was abnormal for a seven year old and indicative of sexual abuse. There was also evidence that the child had suffered emotional damage. We find these aggravating circumstances fully justified ordering service of the two convictions consecutively.

The judgment of the Court of Criminal Appeals is affirmed for the reasons stated herein. Costs are adjudged against defendant.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.

## ORDER ON PETITION TO REHEAR

A petition to rehear has been filed by defendant, William H. Taylor, fully considered by the Court and is respectfully denied.