# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. DELBERT LEE HARRIS

### Direct Appeal from the Circuit Court for Dickson County
### No. CR3198,  Robert E. Burch, Trial Judge

---

### No. M1999-01239-CCA-R3-CD - Decided June 23, 2000

---

The defendant was convicted of rape, rape of a child, aggravated assault, and attempted sexual battery.  An effective sentence of thirty-two years at thirty percent was imposed.  On direct appeal, this court affirmed the convictions but remanded the case to the trial court for resentencing, finding the trial court erred in imposing an erroneous release eligibility status.  Upon resentencing, the trial court imposed an effective sentence of thirty-two years at one hundred percent.  The defendant now complains that this sentence is excessive.  After review, we affirm.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

GLENN, J., delivered the opinion of the court, in which RILEY, J., and ACREE, SP.J., joined.

Jack L. Garton, Dickson, Tennessee, for the appellant, Delbert Lee Harris.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, Dan Mitchum Alsobrooks, District Attorney General, and Robert Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Delbert Lee Harris, was convicted of aggravated assault, rape, rape of a child, and attempted sexual battery.  The Dickson County Circuit Court imposed sentences of four years for aggravated assault, ten years for rape, twenty-two years for rape of a child, and eleven months and twenty-nine days for attempt to commit sexual battery.  The sentence for rape was ordered to be served consecutively to the sentence for rape of a child for an effective sentence of thirty-two years

at thirty percent.[1] The defendant's convictions were affirmed by a panel of this court. See State v. Delbert Lee Harris, No. 01C01-9705-CC-00177, 1998 WL 670403 (Tenn. Crim. App., Nashville, Sept. 30, 1998), perm. app. denied, concurring in results only (Tenn. Mar. 29, 1999). Notwithstanding, this court found merit to the State's argument that, statutorily, the defendant was required to serve one hundred percent of the sentences for rape and rape of a child and remanded the case to the trial court for resentencing.[2] Id. A new sentencing hearing was held on June 3, 1999, during which the defendant was resentenced to an effective sentence of thirty-two years at one hundred percent.

The defendant now appeals the decision upon resentencing. Specifically, he contends that the trial court's imposition of a release eligibility date of one hundred percent results in an excessive sentence and that the "imposition of consecutive sentences was improper." After review, we affirm.

## BACKGROUND

A complete statement of the facts of this case may be found in State v. Delbert Lee Harris, 1998 WL 670403, at *1-2. Paraphrasing from Judge Wade's recitation of the facts in this court's previous opinion, the following factual background is provided:

In the summer of 1995, the defendant and his wife, Diane, had been married for ten years. Their union resulted in the birth of two children. Mrs. Harris had three children by a prior marriage, including the thirteen-year-old victim. On September 17, 1995, at approximately 3:40 a.m., the defendant woke the victim, directed her to an upstairs playroom, and began to remove her shorts. Mrs. Harris awakened in time to see the defendant leading the victim up the stairs. As the victim's clothes were being removed, Mrs. Harris overheard the child's cries and intervened. She "grabbed" her daughter and called 911, reporting that her child had been molested and that the defendant had "taken possession of a gun." Mrs. Harris woke her seven-year-old daughter and was preparing to leave the home with her two children. The defendant threatened to commit suicide and then threatened his wife. The defendant told his wife, "You f----- up now," then pointed the gun at her chest. As he pulled the trigger, the bullet jammed. The defendant then went upstairs to get a second gun. When the defendant left the room, Mrs. Harris and her two daughters left the house and hid behind a playhouse in the front yard until the police arrived.

Worried about her sons who were still in the house, Mrs. Harris looked through the outside window to their bedroom. The boys were still asleep. When Mrs. Harris saw the defendant enter the bedroom, she ran to the rear of the house to hide. Armed with a rifle, the defendant walked out

---

[1]The defendant was further ordered to serve all sentences consecutively to a prior conviction for which he was on probation at the time of the instant offenses.

[2]Specifically, this court expressed concern that the trial court's failure to consider Tenn. Code Ann. § 39-13-523 (requiring multiple rapists or child rapists to serve entire sentence imposed undiminished by credits) ultimately affected the effective thirty-two year sentence imposed. Id.

of the residence calling for Mrs. Harris and her daughters, promising that he would not harm them and that he just wanted to talk. The defendant fled to Maryland, but eventually returned to Tennessee when he learned of the criminal warrants against him.

The victim later told law enforcement officers that the defendant had touched her private parts and had done so before. Upon examination by a doctor, the victim reported that the defendant had forced her to engage in sexual intercourse in May of 1995. She also admitted to a second rape on September 12, 1995.

## RESENTENCING HEARING

At the resentencing hearing on June 3, 1999, the original presentence report was reintroduced. The presentence report reveals that the defendant was forty years old at the time of resentencing and has a prior criminal history consisting of five convictions for driving under the influence. He had also entered a guilty plea to one count of aggravated sexual battery in 1992, for which he received a probated sentence of three years. The instant offenses occurred before the expiration of the probated sentence. The defendant admitted to the use of alcohol, marijuana, and cocaine; however, he stated that his use had ceased prior to the commission of the instant offenses. He has received treatment from Southridge Psychological Services for what he describes as "a mental evolution." The defendant's work history reveals employment in the construction business from September 1989 until August 1994, when he left his last job for health reasons. He was honorably discharged from the United States Army after service from July 5, 1977 through December 1, 1977.

In a Victim's Statement, Mrs. Harris revealed that "emotionally [she] will never be the same again. [She] will always live in fear of his release." She added that, "[t]his man stole a 12 year old girl's innocence. He abused the role of father and made her live through hell and in fear for about 6 months." Regarding the defendant's sentence, she commented, "Since castration is not an option, I feel he should be given the maximum sentence for each count."

Based upon the evidence presented, the court found:

> The Court then is required to determine whether or not they are to be served consecutively. And the Court rules that counts two [rape] and three [rape of a child] be served consecutively and that counts one and four be served concurrently therewith.
>
> The Court finds that the defendant has committed two or more offenses involving sexual abuse of a minor, and that allows consecutive sentences to be handed down by the Court. . . .
>
> Well, the Court of Criminal Appeals has already . . . ruled that consecutive sentencing is appropriate in this case . . . and I heartily

concur. . . .

It was remanded for reconsideration in determining if, under the one-hundred-percent sentencing as opposed to thirty percent, that these sentences are justified given the facts of the case, that an actual sentence of service is justified. And the Court rules that they are.

## ANALYSIS

In contesting the excessive length of the sentence imposed by the trial court, the defendant's argument is limited to the consecutive nature of the sentences imposed in consideration of the requirement that the sentences be served at one hundred percent. Specifically, he asserts that the trial court failed to consider the mandates of State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995) and State v. Taylor, 739 S.W.2d 227, 230 (Tenn. 1987), requiring a finding that the "aggregate maximum of consecutive terms must be reasonably related to the severity of the offense involved."[3]

Review, by this court, of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). The presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The record reflects that the trial court considered the same, thus, the presumption applies. Moreover, the defendant bears the burden of showing the impropriety of the sentence imposed. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

Tennessee Code Annotated § 40-35-501(i) (Supp. 1999) provides:

(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. . . .

(2) The offenses to which the provisions of subdivision (1) apply are:

_____

[3]The State asserts that the defendant has waived any challenge to the excessive nature of the sentences imposed for failure to support the issue by argument, citation to authorities, or appropriate references to the record. Appellee's brief at 8 (citing Tenn. Ct. Crim. App. R. 10(b)). Although we concede that the defendant's argument is minimal at best, we do not agree that the brief fails to conform with the Rules of Appellate Procedure or the Rules of this court. Accordingly, we proceed to address the issue raised on its merits.

. . . .

       (G) Rape;

. . . .

       (I) Rape of a child[.]

Tennessee Code Annotated § 40-35-501(i)(3) adds:

> Nothing in this subsection shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

See also Tenn. Code Ann. § 39-13-523 (Supp. 1999) (multiple rapist or child rapist required to serve entire sentence imposed by the court undiminished by any sentence reduction credits). The imposition of one hundred percent service undiminished by sentence credits is not discretionary upon the court; the classification is statutorily required. Accordingly, the trial court did not err by setting service of the sentences for rape and rape of a child at one hundred percent.

A trial court may impose consecutive sentences upon finding the existence of one of the criteria in Tenn. Code Ann. § 40-35-115 (1997). In the present case, the trial court found that the defendant "is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and the victim. . . ." See Tenn. Code Ann. § 40-35-115(b)(5). This court previously found the trial court's finding as to this factor supported by the evidence. Moreover, as advanced by the State, we also find that the record supports a finding as to factor (6), that "the defendant is sentenced for an offense committed while on probation." See Tenn. Code Ann. § 40-35-115(b)(6). Once the trial court finds the existence of one of the statutorily enumerated criterion, it is within the court's discretion whether to impose consecutive sentences. See State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995), perm. app. denied (Tenn. 1996).

Notwithstanding the court's discretion, the defendant argues that it was improper for the trial court to order consecutive sentencing because, in light of the one hundred percent service, consecutive sentences for the rape and the rape of a child convictions are not reasonably related to the severity of the offenses. In support of his argument, the defendant relies upon the prior rulings of our supreme court in Wilkerson and Taylor. The defendant's argument is misplaced. Our supreme court has recently limited the Wilkerson requirements of additional findings to those cases involving dangerous offenders pursuant to Tenn. Code Ann. § 40-35-115(b)(4). See State v. Lane, 3 S.W.3d 456, 460-61 (Tenn. 1999). Thus, the trial court was not required to apply the Wilkerson factors. Accordingly, the defendant is not entitled to relief on this issue.

For these reasons, the sentence imposed by the trial court is affirmed.