IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville January 24, 2006

## STATE OF TENNESSEE v. JAMES H. CARTER

**Direct Appeal from the Circuit Court for Grundy County**
**No. 4020     J. Curtis Smith, Judge**

---

**No. M2005-01162-CCA-R3-CD - Filed February 8, 2006**

---

The defendant, James H. Carter, pled guilty to two counts of burglary, Class D felonies; two counts of vandalism over $1,000 but less than $10,000,Class D felonies; and one count of resisting arrest a Class B misdemeanor. The trial court imposed Range I sentences of four years for each burglary, which were to be served consecutively, and four years for each vandalism, to be served concurrently. The six-month sentence for resisting arrest was also ordered to be served concurrently. The effective sentence is, therefore, eight years. In this appeal, the defendant asserts that the trial court erred by ordering his sentences for the two burglary convictions to be served consecutively. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Robert G. Morgan, Jasper, Tennessee, for the appellant, James H. Carter.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and David O. McGovern, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 8, 2005, the defendant entered pleas of guilty to two counts of burglary and to two counts of vandalism over $1,000, all Class D felonies, and to one count of resisting arrest, a Class B misdemeanor. The trial court imposed the maximum sentences allowed for each conviction: four years for each Class D felony and six months for the Class B misdemeanor. The trial court ordered the defendant to serve his sentences for the burglary convictions consecutively and the remainder of his sentences concurrently.

On June 1, 2004, the defendant broke into a restaurant and a pharmacy, causing damage to each property in excess of $1,000. When confronted by the Tracy City Police, the defendant refused

to cooperate. At the sentencing hearing, the defendant explained that on the night of the offenses, he had been taking prescription medication for anxiety attacks, which reacted with the alcohol he had consumed, causing "a pretty messed up state." He claimed that he went to a bar and remembered nothing until he found himself in a pipe. The defendant contended that when he attempted to climb out of the pipe, he broke free, landed in a restaurant, and was trying to escape when a police officer arrived. He insisted that he actually complied with the orders of the officer but the officer sprayed him with pepper spray anyway.

The trial court found that because the defendant had a lengthy criminal history, maximum sentences for each of his convictions were appropriate. See Tenn. Code Ann. 40-35-114(2) (2003). Because of his extensive record of criminal activity, the defendant was ordered to serve the two burglary convictions consecutively. In this appeal, the defendant argues that all of the sentences should be served concurrently.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401 (2003), Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), our high court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115 (2005), Sentencing Commission Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

(1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
(2) The defendant is an offender whose record of criminal activity is extensive;
(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
(6) The defendant is sentenced for an offense committed while on probation; or
(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2003).

The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2); State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

The trial court ordered consecutive sentences on the following grounds:

[F]rom the statute . . . on discretionary consecutive sentencing, one [finding] that allows the [c]ourt to order consecutive sentencing is that the defendant is an offender whose record of criminal activity is extensive. I find that [the defendant's] record of criminal activity is extensive.

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

The record confirms that the forty-eight-year-old defendant had been previously convicted of theft of a vehicle, two counts of burglary, driving under the influence, robbery, aggravated robbery, and conspiracy to sell cocaine. His pre-sentence report also indicates that he violated the terms of parole on a previous sentence and failed to comply with the terms of probation for prior state and federal sentences. Under these circumstances, the trial court did not err by ordering consecutive sentences.

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-