# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE, 1997 SESSION

FILED

September 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9610-CR-00365 |
| Appellee, | ) | |
| | ) | |
| vs. | ) | Sullivan County |
| | ) | |
| **DAVID L. MAYES**, | ) | Honorable Frank L. Slaughter, Judge |
| | ) | |
| Appellant. | ) | (Conspiracy to sell cocaine, possession |
| | ) | and sale of cocaine, possession of drug |
| | ) | paraphernalia) |

FOR THE APPELLANT:

NAT H. THOMAS
317 Shelby St.
Suite 304
Kingsport, TN 37660

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

SARAH M. BRANCH
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

H. GREELEY WELLS
District Attorney General
Blountville, TN 37660

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

OPINION

The defendant, David L. Mayes, pleaded guilty on January 18, 1995 in the Criminal Court of Sullivan County to one count of conspiracy to deliver or sell more than 26 grams of cocaine, one count of possession with the intent to deliver or sell six ounces of cocaine, two counts of the sale of cocaine, and the unlawful possession of drug paraphernalia.[1] After a hearing, the trial judge sentenced him to serve an effective sentence of eighteen years in the Department of Correction as a Range I offender. The defendant appealed his sentences to the Tennessee Court of Criminal Appeals, and, in its opinion issued on March 11, 1996, this court remanded the case to the trial court for resentencing because the trial court had not placed on the record the findings required by Tennessee Code Annotated Sections 40-35-115, -209 and -210(f). State v. David Lewis Mayes, No. 03C01-9505-CR-00134, slip op. at 5 (Tenn. Crim. App., Knoxville, Mar. 11, 1996). On July 26, 1996, the trial court, at the close of the hearing, resentenced the defendant to an effective Range I sentence of eighteen years.

The defendant pleaded guilty to four class B felonies. As a Range I offender, the sentencing range for each offense is from eight to twelve years. Tenn. Code Ann. § 40-35-112 (1990). For both the conspiracy conviction and the possession conviction he received two ten-year concurrent sentences. For each of the two convictions for selling cocaine, he received the minimum sentence of eight years. These sentences run concurrently with each other. The two eight-year sentences run consecutively to the ten-year sentences. For his misdemeanor conviction for possession of drug paraphernalia, the judge ordered

_____

[1]     Each count represents a separate indictment.

2

him to serve eleven months and twenty-nine days concurrently with the other sentences.

In this appeal, the defendant raises several issues concerning his resentencing. For the purposes of this opinion, we have consolidated the issues into two: (1) whether the ten-year sentences for conspiracy and possession with the intent to sell or deliver are excessive,[2] and (2) whether the trial court erred by imposing consecutive sentences. For the reasons discussed below, we affirm the sentences imposed by the trial court.

When an accused challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d)(1990). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of demonstrating that the sentence is improper. Id. In the event the record fails to demonstrate the appropriate consideration by the trial court, appellate review of the sentence is purely de novo. Id. If our review reflects that the trial court properly considered all relevant factors and the record adequately supports its findings of fact, this court must affirm the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

---

[2] The defendant does not challenge the eight-year sentences for his two convictions for sale of cocaine as they are the minimum sentences possible for class B felonies. Nor does he challenge the eleven month and twenty-nine day sentence he received for possession of drug paraphernalia.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the sentencing range, the specific sentence, and the propriety of imposing a sentence involving an alternative to total confinement.  The trial court must consider (1) any evidence presented at trial and the sentencing hearing, (2) the presentence report, (3) the sentencing principles. (4) the arguments of counsel, (5) any statements the defendant has made to the court, (6) the nature and characteristics of the offense, (7) any mitigating and enhancement factors, and (8) the defendant's amenability to rehabilitation.  Tenn. Code Ann. §§ 40-35-103(5), and 40-35-210(a), (b)  (1990); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).   The trial court must begin with a presumptive minimum sentence.  Tenn. Code Ann. § 40-35-210(c).  The sentence may then be increased by any applicable enhancement factors and reduced in the light of any applicable mitigating factors.  Tenn. Code Ann. § 40-35-210(d),(e).

In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation.  Tenn. Code Ann. §§ 40-35-103(5), -210(b)  (1990); State v. Ashby, 823 S.W.2d at 168.

From the written proposed findings filed by both the state and the defense and the evidence and testimony presented at the first sentencing hearing, the trial judge found that three enhancement factors and two mitigating

4

factors were applicable to the convictions.[3]  Based on the defendant's record of several misdemeanor convictions and his admitted addiction to cocaine, the trial court held that he had a history of convictions and criminal behavior in addition to those necessary to establish the appropriate range.  Tenn. Code Ann. § 40-35-114(1)(1990).   Because the defendant was on probation when the present offenses occurred, the trial court found that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community.  Tenn. Code Ann. § 40-35-114(8).  We note that the defendant also committed a previous offense while on a former probation. These two factors apply to all five convictions.  The trial court applied a third factor, that the defendant possessed or employed a firearm during the commission of the offense, only to the convictions for conspiracy and possession with the intent to deliver or sell.  Tenn. Code Ann. § 40-35-114(9).  As mitigating factors, the trial court held that the defendant's actions neither threatened nor caused serious bodily harm and that he had assisted the authorities in apprehending his co-defendant. Tenn. Code Ann. §§ 40-35-113 (1), (9).[4]  The trial court applied the first mitigating factor to all the  sentences, the second, only to the sentences for conspiracy and possession.

The gravamen of the defendant's argument is that the trial court enhanced his sentences two years beyond the eight-year minimum and then failed to grant any reduction warranted by the mitigating factors.  See Tenn.

_____

[3]      Neither the defense nor the state presented any new evidence at the resentencing hearing.

[4]      The trial court also found that the fact  that the defendant had no prior felony convictions, that he confessed to his crimes and pled guilty, and that he had skills that made him employable were not mitigating factors applicable to sentencing. Neither the state nor the defense has challenged these findings, and we see no reason to disturb them on appeal.

Code Ann. § 40-35-210(e)(1990). We respectfully disagree. The existence of mitigating factors does not automatically entitle a defendant to a reduction in sentence. State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight afforded any existing enhancement or mitigating factor is left to the trial court's discretion so long as it complies with the purposes and principles of sentencing and its findings are adequately supported by the record. State v. Shropshire, 874 S.W.2d 634, 642 (Tenn. Crim. App. 1993).

In this case, the record fully supports the ten-year sentences imposed by the trial court. Based on this record we are unable to conclude that the trial judge ignored the mitigating factors in imposing the sentences. The trial court found that the enhancement factors outweighed the mitigators; therefore some enhancement was appropriate. The record indicates that the defendant had six prior convictions for misdemeanors. Given the fact that the defendant admitted that he had been "dealing" cocaine on a fairly regular basis and described those deals in some detail, we find that enhancement factor (1) alone would be sufficient to justify enhancing the sentence from eight to ten years. Without the presence of the mitigating factors, the trial court may well have imposed an even lengthier sentence.[5]

---

[5] Because of the prevalence of enhancement factor (1), when balanced against the asserted mitigating factors, we have not attempted to assess the appropriateness of the mitigating factors, especially mitigating factor (1). The sentence is supported in the record even if, arguendo, this mitigating factor applies. We note, however, this court has previously issued opinions which hold that mitigating factor (1) is not applicable in cases of drug dealing. State v. Thomas Gardner, No. 01C01-9302-CR-00060 (Tenn. Crim. App., Nashville, August 12, 1993); State v. Johnny Arwood, No. 335 (Tenn. Crim. App., Knoxville, May 9, 1991).

The defendant's last challenge is to the trial court's decision to impose consecutive sentences because he was an offender "whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2)(1990). The appellant contends that his criminal record is not so extensive as to justify consecutive sentencing.

Consecutive sentencing may be imposed in the discretion of the trial court upon a determination that one or more of the criteria in Tennessee Code Annotated section 40-35-115(b) exist.[6] Consecutive sentences, however, should not be routinely imposed even for the offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-35-115 sentencing commission

_____

[6] (b) The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(1)     The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;

(2)     The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

comments; State v. Taylor, 739 S.W.2d 227, 230 (Tenn. Crim. App. 1987); State v. Roscoe C. Smith, No. 01C01-9502-CR-00031, slip op. at 10 (Tenn. Crim. App., Nashville, October 12, 1995).  The Sentencing Reform Act requires the application of the sentencing principles set forth in the Act and "a principled justification for every sentence, including, of course, consecutive sentences." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).  The principles of sentencing include the notions that the sentence should reasonably relate to the severity of the offense and that any punishment imposed should be necessary in order to protect the public from a defendant with a lengthy history of criminal conduct.  Tenn. Code Ann. § 40-35-102(1), (3)(B) (Supp. 1996).

In this case, the trial judge found that the defendant's past criminal history which included six misdemeanor convictions and the use of marijuana and cocaine over a twenty-year period was sufficient to warrant consecutive sentencing.  Although in many instances these facts might not be sufficient to warrant an eighteen-year sentence for these crimes, the record also indicates that the defendant was deeply involved in drug dealing and that he continued to sell even after he made his first statement to the police and had assisted them in apprehending his co-defendant.  A reviewing court must look at the totality of the circumstances presented in the record to determine whether the trial court properly imposed a sentence.  State v. Moss, 727 S.W.2d 229, 235 (Tenn. Crim. App. 1976).

In this instance, the record establishes that the public needs to be protected from further serious criminal activity by the defendant.  The defendant

stands convicted of four Class B felonies involving the distribution of cocaine. An eighteen-year sentence reasonably relates to the seriousness of these offenses.

The judgment of the trial court is in all respects affirmed.

_____
CURWOOD WITT, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge