# IN THE TENNESSEE COURT OF CRIMINAL APPEALS
## AT NASHVILLE
### Assigned on Briefs December 18, 2012

## STATE OF TENNESSEE v. TAVARIA MERRITT

**Appeal from the Criminal Court for Wilson County**
**No. 10-CR-18     David Earl Durham, Judge**

---

**No. M2012-00829-CCA-R3-CD - Filed December 10, 2013**

---

CAMILLE R. MCMULLEN, J., concurring in part and dissenting in part.

I join the majority in all respects with the exception of sentencing. While I agree that the effective 225-year sentence imposed by the trial court is excessive, I disagree that an effective fifty-year sentence complies with the purposes and principles of our Sentencing Act.

It bears repeating at the outset that the Defendant pleaded guilty to nine counts of rape of a child against three boys, who were ten and eleven years old. The Defendant was the youth pastor at the victims' church and had been friends with the victims for a year. The victims reported that the Defendant had penetrated them orally and anally on separate occasions over a period of five months. The "[Defendant] perform[ed] oral sex on [the ten-year-old] victim two separate times, the [ten-year-old] victim perform[ed] oral sex on [Defendant] one time, and [the Defendant] plac[ed] his penis inside the [ten-year-old victim's] anal cavity." The other ten-year-old victim "perform[ed] oral sex on [the Defendant] and [the Defendant] plac[ed] his penis inside [his] anal cavity." The eleven-year-old victim "perform[ed] oral sex on [the Defendant] two separate times, and [the Defendant] plac[ed] his penis inside the victims' anal cavity." The eleven-year-old victim also stated that the Defendant "had tried to put his hands down [the victim's] pants on five or more occasions. On one occasion, [the victim] stated that while he was spending the night with [the Defendant], [the victim] awoke to [the Defendant] performing oral sex 'down there.'" The victim was scheduled to undergo counseling as a result of the abuse. Finally, a supplemental report noted that the Defendant had sexually abused a fourth child.

At the sentencing hearing, the court announced that no previous convictions were

1

disclosed; therefore, the Defendant's sentences for each count would be twenty-five years at one hundred percent. The defense stipulated that the only issue for the court was whether to order concurrent or consecutive sentencing.

Within the presentence report, the eleven-year-old victim wrote:

I get really mad when I have to talk about what went on. I don't like bringing the subject up. I did NOT like what he did to me. I get so angry sometimes when I think about it. I would never think in a million years that a Minister would try or would rape a kid. I thought that the church would be the safest place in the world. You wouldn't get disrespected or touched[.] It's sad that this happens. I want to be a pastor when I grow up [and] I want people to trust me, but I w[o]n[']t do what he did.

The defense offered no proof at the sentencing hearing. The State relied upon its motion for consecutive sentencing, which asserted Tennessee Code Annotated Section 40-35-115(b)(5) applied. The trial court found that Tennessee Code Annotated Section 40-35-115(b)(5) applied and that in order to protect society and not lessen the crime, it ordered all convictions to be served consecutively.

In his appeal to this Court, the Defendant does not challenge the trial court's application of any mitigating or enhancement factors for his twenty-five year sentences on each conviction. Indeed, in 2007, the Tennessee legislature added subsection (b)(2) to section 39-13-522 of the Tennessee Code to mandate a minimum of twenty-five years' incarceration for a rape of a child conviction. The Defendant also does not contest the trial court's reliance on Tennessee Code Annotated Section 40-35-115(b)(5) to impose consecutive sentencing. This subsection was a codification of the Tennessee Supreme Court case State v. Taylor, 739 S.W.2d 227 (Tenn. 1987). See T.C.A. § 40-35-115 (2010), Sentencing Comm'n Cmts. In Taylor, the supreme court upheld the defendant's effective sentence of forty-eight-years for two counts of aggravated rape against his seven-year-old daughter. In considering whether consecutive sentencing was proper, the court held that "consecutive sentences should not routinely be imposed in sexual abuse cases, or in other cases, and that the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved." Taylor, 739 S.W.2d at 230. This court has held that "[t]he purpose behind the legislative enactment of Tennessee Code Annotated section 39-13-523 is to enhance the punishment of those who commit rape and/or aggravated rape more than once." State v. Johnson, 970 S.W.2d 500, 505 (Tenn. Crim. App. 1996). Based on the plain language of these statutes, the legislature has clearly expressed its intent to impose severe punishment for these types of offenses, and this court has rarely reduced a sentence where consecutive sentencing was justified.

One of the stated purposes of our Sentencing Act is that "[e]very defendant shall be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense[.]" T.C.A. § 40-35-102(1) (2010). Here, I do not believe that a sentence of fifty years adequately reflects the facts and circumstances of this case. In David Lamar Hayes, relied upon by the majority, the trial court imposed an effective 220-year sentence in a case involving only one victim and where the abuse occurred over a period of ten months. Relying on these facts, this Court reduced an otherwise justified consecutive sentence to sixty-six years imprisonment. Unlike David Lamar Hayes, the Defendant abused at least three victims over a period of five months. In my view, an effective sentence of seventy-five years is more in line with the sentences imposed by Tennessee courts for cases involving similar facts. See, e.g., State v. Ricky Lamont Brigman, No. M2002-00461-CCA-R3-CD, 2003 WL 21391762, at *9 (Tenn. Crim. App. Jun 17, 2003), perm. app. denied (Tenn. 2003) (upholding an effective ninety-one-year sentence based upon thirteen convictions for various sexual offenses involving six minor victims over a period of seven-years and finding that the trial court's ruling was fashioned to consider each of the victims of these crimes); State v. Joseph E. Suggs, No. M1999-02136-CCA-R3-CD, 2000 WL 1521481, at * 8 (Tenn. Crim. App. Oct 4, 2000), perm. app. denied (Tenn. 2001) (upholding an effective seventy-five-year sentence in which defendant pleaded guilty to three counts of child rape of his minor cousin occurring over an unknown period of time), perm. app. denied (Tenn. 2001); State v. Osborne, 251 S.W.3d 1 (Tenn. Crim. App. Aug. 28, 2007), perm. app. denied (Tenn. 2008) (upholding an effective sentence of 172 years' imprisonment in a case involving various sexual offenses and multiple victims); State v. Hunter, 926 S.W.2d 744 (Tenn. Crim. App. 1995) (upholding an effective sentence of one-hundred-years' imprisonment for six counts of aggravated rape and three counts of rape committed against the defendant's two daughters throughout the course of their childhood), perm. app. denied (Tenn. 1996); State v. Nance, 393 S.W.3d 212 (Tenn. Crim. App. 2012) (upholding an aggregate sentence of sixty-four-years' incarceration where the defendant was convicted of six counts of rape of a child and one count of aggravated sexual battery against one minor victim over a seven-month period), perm. app. denied (Tenn. 2012). For these reasons, I respectfully dissent from the sentence imposed by the majority.


_____
CAMILLE R. MCMULLEN