IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 16, 2004

## STATE OF TENNESSEE v. JULIUS E. SMITH

**Appeal from the Criminal Court for Hamilton County**
**Nos. 239667, 239832     Rebecca Stern, Judge**

---

### No. E2003-01059-CCA-R3-CD - Filed July 19, 2004

---

The defendant, Julius E. Smith, entered pleas of guilty to two counts of driving under the influence, third offense, and four counts of vehicular assault. As to the first driving under the influence offense, the trial court imposed a sentence of eleven months and twenty-nine days, to be suspended to probation after the service of 120 days of confinement. The second was merged into the convictions for vehicular assault. The trial court imposed consecutive sentences of three years for each vehicular assault conviction. The sentences were ordered to be served consecutively to the sentence for driving under the influence, third offense. The effective sentence is, therefore, twelve years, eleven months, and twenty-nine days. In this appeal, the defendant asserts that the effective sentence for the vehicular assault convictions is excessive. It is our judgment that the misapplication of an enhancement factor to three of the four vehicular assault convictions warrants a reduction to two years for each of those crimes. Otherwise, the judgments of the trial court, including the imposition of consecutive terms, are affirmed.

### Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed as Modified

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Ardena J. Garth, District Public Defender, and Donna Robinson Miller, Assistant District Public Defender, for the appellant, Julius E. Smith.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and Parke Masterson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On February 12, 2003, the defendant entered a guilty plea in case number 239832 to driving under the influence, third offense. See Tenn. Code Ann. §§ 55-10-401, -403. Pursuant to a plea agreement, the defendant received an agreed sentence of eleven months and twenty-nine days, to be

suspended to probation after service of one hundred twenty days of confinement in jail.  The stipulated facts, as stated at the submission of the guilty plea, are as follows:

> [O]n the 28th of February, 2001, the defendant was operating a motor vehicle that rear-ended a car that was stopped at a light.  That car in turn also ran into the car in front of it.  There was damage to both of those cars but there were not serious bodily injuries in that case.  The defendant was found under the influence of alcohol by the police officer, Officer Watkins, and did refuse to take a test in that case.

As to the other charges, the defendant entered pleas of guilty to one count of third offense driving under the influence and four counts of vehicular assault.  See Tenn. Code Ann. § 39-13-106.  The sentence was left to the discretion of the trial court.  The stipulated facts of that case were described by the state at the submission hearing:

> [T]hat case . . . occurred on the 19th of September of 2001.  The defendant . . . was operating a vehicle on that day.  He was traveling down the 300 block of Bonny Oaks Drive, driving in and out of traffic.  The defendant was very intoxicated at this time.  [The defendant] had an accident when he entered into the path of another vehicle in that line of traffic at that time.  As a result there were serious bodily injuries to Nicole Baxter, Rachel Baxter, Heather White, and Rebecca White.
>
> In that case he was tested by a blood test and had a BAC of .23.

As a part of the plea agreement, the sentence for driving under the influence, third offense, was to be served consecutively to the sentence imposed for the vehicular assault convictions because the defendant was on bail for the first charges when the second accident occurred.

At the sentencing hearing, Rachel Baxter, one of the victims of vehicular assault, testified that her car, which was valued at $2500, was a total loss.  Mark Kimsey, a traffic investigator for the Hamilton County Sheriff's Department, testified that the rate of alcohol-related traffic fatalities was on the rise in Hamilton County and that in 2001, thirty-nine percent of traffic fatalities in Hamilton County were alcohol related.  According to Kimsey, that rate was higher than the national average, which had decreased.

The forty-one-year-old defendant, testifying on his own behalf, admitted that he had a drinking problem and proposed to seek rehabilitation and make restitution if granted probation.  He also claimed that depression occasioned by deaths within his family had contributed to his problems with alcohol and asserted that, before being arrested, he had owned a successful concrete finishing company.  The defendant expressed concern for the victims of his second accident and testified that he used his cell phone to call an ambulance.  He acknowledged, however, that he had not sought rehabilitation for his alcohol dependency after either of the accidents and conceded that he continued to use alcohol until he was incarcerated in September of 2002.

Bruce Smith, the defendant's brother, testified that the defendant had been deeply affected by the death of his mother and another brother, which had occurred within a short period of time before the accident. While acknowledging that the defendant had experienced a decline in his business, it was Smith's opinion that the defendant, if granted probation, could easily reestablish a successful enterprise. Smith conceded that the defendant had made no effort at rehabilitation since the accident.

In addition to the eleven-month-twenty-nine-day sentence, the trial court imposed sentences of three years on each of the four counts of vehicular assault and ordered consecutive service on each. The trial court also denied alternative sentencing, concluding that confinement was "necessary to avoid depreciating the seriousness of the offense" and that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." See Tenn. Code Ann. § 40-35-103(1)(B), (C). It also determined that the defendant's behavior indicated "a lack of potential for rehabilitation and treatment." See Tenn. Code Ann. § 40-35-103(5).

I

In this appeal, the defendant asserts that the trial court misapplied one enhancement factor and that it erred by ordering consecutive sentencing. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Vehicular assault, a Class D felony, carries a range of punishment of between two and four years for a Range I offender. See Tenn. Code Ann. § 40-35-112(a)(4). In calculating the sentence for a Class D felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of

increasing the sentence. Tenn. Code Ann. § 40-35- 210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

In arriving at a mid-range sentence of three years on each count, the trial court applied enhancement factors (2), the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (7), the amount of damage to property sustained by the victim was particularly great. See Tenn. Code Ann. § 40-35-114(2), (7) (2003). In mitigation, the trial court concluded that the defendant had a good employment history and good family support but determined that those factors were not sufficient to lessen the three-year sentences.

The defendant asserts that the trial court erred by applying enhancement factor (7), that the amount of damage to property sustained by the victim was particularly great. The state concedes that the trial court should not have applied this factor to the convictions pertaining to the passengers in the car but asserts that it was applicable to the conviction relating to the driver, who owned the car. This court has previously held that enhancement factor (7) is applicable when, as in this case, a vehicular assault victim's car was totaled. See, e.g., State v. John D. Neblett, No. 01C01-9805-CC-00231 (Tenn. Crim. App., at Nashville, Sept. 24, 1999); State v. George Blake Kelly, No. 01C01-9610-CC-0048 (Tenn. Crim. App., at Nashville, Oct.13, 1998). In consequence, factor (7) would be applicable to the conviction for vehicular assault of Rachel Baxter, whose car was destroyed in the accident. None of the passengers, however, suffered "particularly great" property damage. In fact, the only property damage listed by any of the remaining victims was approximated at $100 in clothing and jewelry. Thus, the trial court erred by applying enhancement factor (7) to the remaining convictions. In our view, a modification of the three-year sentence imposed for the vehicular assault upon Rachel Baxter is not warranted under our sentencing act. The nature and circumstances of that offense coupled with the defendant's previous history of alcohol-related offenses warrant the mid-range sentence. As to the remaining vehicular assault convictions, the misapplication of an enhancement factor, particularly in light of the mitigating factors identified by the trial court as having minimal weight, would require a modification of the sentences to two years on each count.

The United States Supreme Court's recent opinion in Blakely v. Washington, 542 U.S. ___, 2004 U.S. LEXIS 4573 (2004), calls into question the continuing validity of our current sentencing scheme. In that case, the Court, applying the rule in Apprendi v. New Jersey, 566 U.S. 466, 490 (2000), struck down a provision of the Washington sentencing guidelines that permitted a trial judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. Id. The Court observed that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Id., at **13-14 (emphasis in original). Finally, the Court concluded that "every defendant has a *right* to insist that the prosecutor prove to a jury [beyond a reasonable doubt] all facts legally essential to the punishment." Id., at *31 (emphasis in original).

In any event, the application of Tennessee Code Annotated section 40-35-114(2) would not violate the rule established in Apprendi because it is based, in this case, upon prior criminal convictions. See Apprendi, 566 U.S. at 490. The defendant has seven prior convictions, the applicability of which was not at issue. That factor would apply to all four convictions. During the submission hearing, the defendant conceded that he caused the damage to Rachel Baxter's vehicle. See Tenn. Code Ann. § 40-35-114(7) (2003). Because that fact was a part of the guilty plea, it would apply to the vehicular assault of Rachel Baxter. By use of the ruling in Blakely, it is our view that a modification to two years on three of the vehicular assault convictions would be appropriate. In our view, the three-year sentence as to the vehicular assault of Rachel Baxter was properly imposed.

II

The defendant next asserts that the trial court erred by ordering consecutive sentencing. Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), our high court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

(4)   The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)  The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)  The defendant is sentenced for an offense committed while on probation; or

(7)  The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2); State v. Lane, 3 S.W.3d 456 (Tenn. 1999).

The trial court ordered consecutive sentences on the following grounds:

I do find by a preponderance of the evidence . . . "the defendant is an offender whose record of criminal activity is extensive."
        I do find by a preponderance of the evidence that . . . "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk of life is high."

In Gray, our supreme court ruled that before consecutive sentencing could be imposed upon the dangerous offender, considered the most subjective of the classifications and the most difficult to apply, other conditions must be present: (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses. In State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995), our high court reaffirmed those principles, holding that consecutive sentences cannot be required of the dangerous offender "unless the terms reasonably relate[] to the severity of the offenses committed and are necessary in order to protect the public (society) from further criminal acts by those persons who resort to aggravated criminal conduct." The Wilkerson decision, which modified somewhat the strict factual guidelines for consecutive sentencing adopted in State v. Woods, 814 S.W.2d 378, 380 (Tenn. Crim. App. 1991), described sentencing as a "human process that neither can nor should be reduced to a set of fixed and mechanical rules." 905 S.W.2d at 938.

Although the trial court determined that the defendant's extensive criminal history warranted consecutive sentencing, the record does not support this finding. While the defendant has seven prior convictions over a period of years, all are misdemeanors and none involve violence. See State v. Travis Parson, No. W2002-02743-CCA-R3-CD (Tenn. Crim. App., at Jackson, Sept. 9, 2003).

Moreover, there was no proof of any criminal activity other than the misdemeanor convictions. See State v. James F. Massengale, No. E2000-00774-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 21, 2002) (record supported finding of extensive criminal activity where defendant admitted that he had stolen as many as one hundred fifty cars per year). Other cases where consecutive sentences were properly based upon an extensive criminal record have required substantially more in comparison to this case. See, e.g., State v. Spike Hedgecoth, No. E2002-01869-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Nov. 12, 2003); State v. Allen Prentice Blye, No. E2001-01375-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Nov. 1, 2002). It is our view that the defendant's record of criminal activity is insufficient to support consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(2).

In determining that the defendant qualified as a dangerous offender, the trial court failed to specifically find that an extended sentence reasonably related to the severity of the offenses and was necessary to protect the public against further criminal conduct by the defendant. Ordinarily, a remand to the trial court for further findings or a modification of the sentences to concurrent terms would be in order. In this case, however, the record establishes that consecutive sentencing is appropriate. The defendant, who was on bail on a charge of driving under the influence, third offense, related to a car accident that had caused significant property damage to two vehicles, was subsequently involved in a second accident with a single car that seriously injured the four teenage occupants. The defendant's blood alcohol at the time of the second accident was more than twice the legal limit. See Tenn. Code Ann. § 455-10-401(a)(2) (1997 & Supp. 2001). Despite prior convictions for driving under the influence, other alcohol-related offenses, and three alcohol-related car accidents, the defendant continued to drink and drive. Further, he admitted that he had not sought help for his alcohol addiction and had, in fact, continued to consume alcohol on a regular basis after the accidents resulting in these convictions.

The presentence report established that the injuries to the victims were quite severe. One of the victims, fifteen-year-old Heather White, was partially ejected from the car. Her left arm was trapped in the car door and she received a serious laceration to the left side of her face. As a result, eyelashes will no longer grow on her left eyelid. After three surgeries, she has permanent scars on her left arm and left leg. The driver of the car, seventeen-year-old Rachel Baxter, suffered a broken nose, two broken ribs, a bruised spleen, and internal bleeding. Her left ankle and kneecap were shattered. Her face requires reconstructive surgery. Fifteen-year-old Nicole Baxter suffered a broken jaw, fractured skull, and torn ear cartilage. The fourth victim, fourteen-year-old Rebecca White, suffered cuts and bruises. Statements from the mothers of the victims indicate that three of the victims continue to experience medical problems. Each of the four has suffered emotional trauma. Under these circumstances, it is our view that the defendant qualifies as a dangerous offender, that an extended sentence is reasonably related to the seriousness of the offense, and that consecutive sentencing is necessary to protect the public from this defendant.

Accordingly, the sentences for three of the four vehicular assault convictions are modified to two years. The effective sentence is, therefore, eleven months and twenty-nine days plus nine years. Otherwise, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE