IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2006

## STATE OF TENNESSEE v. JERMAINE SCRUGGS

**Direct Appeal from the Circuit Court for Madison County**
**No. 05-141      Donald H. Allen, Judge**

---

**No. W2005-02325-CCA-R3-CD  - Filed July 25, 2006**

---

The defendant, Jermaine Scruggs, pled guilty to driving under the influence, first offense, a Class A misdemeanor; reckless driving, a Class B misdemeanor; and driving without a license, a Class C misdemeanor. See Tenn. Code Ann. §§ 55-10-401, -403, -205, 50-351 (2003). The trial court imposed concurrent sentences of eleven months and twenty-nine days and a $350.00 fine for driving under the influence, first offense; six months and a $100.00 fine for reckless driving; and thirty days and a $50.00 fine for driving without a license, each at a seventy-five percent service rate. The sentences were ordered to be served consecutively to an earlier five-year sentence for tampering with evidence. In this appeal, the defendant asserts that the trial court erred by ordering his sentences for the three misdemeanor convictions to be served consecutively to his prior felony sentence. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Gregory D. Gookin and Chris R. Whittaker, Assistant Public Defenders, for the appellant, Jermaine Scruggs.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 19, 2005, the defendant entered pleas of guilty to driving under the influence, first offense; reckless driving; and driving without a license. The trial court imposed the maximum sentences allowed for each conviction and ordered the defendant to serve his misdemeanor sentences

concurrently with each other but consecutively to his prior five-year sentence for tampering with evidence.[1]

On October 6, 2004, the defendant was driving erratically in Madison County while intoxicated. He had no license and was in possession of 0.7 grams of cocaine. In exchange for the dismissal of two felony counts of possession of cocaine with the intent to sell and/or deliver, the defendant agreed to plead guilty to three misdemeanors: driving under the influence, first offense; reckless driving; and driving without a license. At the sentencing hearing, the state sought to enhance the punishment within the Range based upon six previous convictions. The defendant stipulated his prior criminal record as follows:

(1) Possession of an item, not a weapon, with an altered serial number, on February 24, 1996, and received a suspended sentence of six months on March 14, 1996;

(2) Criminal impersonation on February 24, 1996, and received a suspended sentence of eleven months and twenty-nine days on March 14, 1996;

(3) Possession of drug paraphernalia on April 24, 1997, and received a suspended sentence of eleven months and twenty-nine days on September 24, 1997;

(4) Simple possession of cocaine on April 24, 1997, and received a suspended sentence of eleven months and twenty-nine days on September 24, 1997;

(5) Possession of a weapon with intent to go armed on September 9, 2004, and received a suspended sentence of thirty days on September 16, 2004; and

(6) Tampering with evidence on March 6, 2002, and received a sentenced of five years of confinement with the Tennessee Department of Correction on February 16, 2005.

The trial court found that because the defendant had a lengthy criminal history and, additionally, had committed his offenses while on "some type of bond or release," maximum sentences for each of his convictions were appropriate. See Tenn. Code Ann. §§ 40-35-115(b)(2), (6) (2003). The defendant was ordered to serve the three concurrent misdemeanor sentences consecutively to the prior sentence of five years for tampering with evidence. In this appeal, the defendant argues that all of the sentences should be served concurrently.

When there is a challenge to the length, range, or manner of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all

---

[1] Cited as "Madison County # 02-638" on the defendant's judgment forms.

relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Reform Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. See Tenn. Code Ann. § 40-35-401 (2003), Sentencing Comm'n Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Tennessee Rule of Criminal Procedure 32, which addresses sentencing where the defendant has prior unserved sentences, provides in pertinent part as follows:

> If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of this state and if this fact is made known to the court prior to sentencing, the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences. The judgment to make the sentences consecutive or concurrent shall explicitly recite the judge's reasons therefore, and is reviewable on appeal.

Tenn. R. Crim. P. 32(c)(2).

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), our high court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> Consecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive sentences must be reasonably related to the severity of the offense involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. See Tenn. Code Ann. § 40-35-115, Sentencing Comm'n Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed

in the discretion of the trial court only upon a determination that one or more of the following criteria[2] exist:

(1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifferences to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2); State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

After assigning minimal weight to the defendant's youth as a mitigating factor, the trial court imposed consecutive sentences on the following grounds:

[H]is prior criminal record which is obviously detailed here in the Enhancement Notice which the defendant has stipulated to . . . . [I]t does appear he does have one

---

[2] The first four criteria are found in Gray. A fifth criteria in Gray, based on a specific number of felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Comm'n Comments.

prior felony conviction that being for tampering with evidence. It looks like the offense date is March 6th of 2002, and he was not convicted on that charge until February the 16th of 2005. So, it does appear to the Court that obviously he was out on some type of bond or release when he committed these offenses which he has pled guilty to here today because these offenses occurred on October the 6th of 2004. So, obviously he was out on bond at the time of these offenses.

The trial court found that the defendant had an extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(b)(2). The defendant, age 28, admits and the record confirms that he had been previously convicted of possession of an item, not a weapon, with an altered serial number; criminal impersonation; possession of a weapon with intent to go armed; possession of drug paraphernalia; simple possession of cocaine; and tampering with evidence. This qualifies as an extensive prior record. Under these circumstances, the trial court did not err by ordering consecutive sentencing.

The state also contends that the trial court properly ordered consecutive sentencing based up Tennessee Code Annotated section 40-35-115(b)(6) because the defendant committed the present offenses "while on release for another conviction." Section (b)(6) provides as a basis for ordering consecutive sentencing that "[t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(6) (emphasis added). Here, the defendant committed the present offenses while out on bail awaiting trial for tampering with evidence. Tennessee Code Annotated section 40-35-115(b)(6), therefore, is not a proper basis upon which to order consecutive sentencing. See State v. Johnnie Shane Capley, No. M1999-00353-CCA-R3-CD, slip op. at 12 (Tenn. Crim. App., at Nashville, Dec. 29, 1999). The defendant's extensive record of criminal activity, however, was a sufficient ground to support the trial court's order of consecutive sentencing.

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE